```
 1  DANIEL J. BRODERICK, Bar #89424
    Federal Defender
 2  CARO MARKS, Bar #159267
    Designated Counsel for Service
 3  801 I Street, 3rd Floor
    Sacramento, California 95814
 4  Telephone: (916) 498-5700

 5

 6  Attorney for Defendant
    FELICIA GRANT
 7

 8

 9              IN THE UNITED STATES DISTRICT COURT

10             FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12

13  UNITED STATES OF AMERICA,    ) No. CR-S-07-118 WBS
                                 )
14              Plaintiff,       )
                                 ) UNOPPOSED
15      v.                       ) PETITION TO TERMINATE SUPERVISED
                                 ) RELEASE UNDER 18 U.S.C.
16  FELICIA GRANT,               ) § 3583(E)(1); [PROPOSED] ORDER
                                 )
17              Defendant.       )
                                 ) Judge: Hon. William B. Shubb
18  _____ )

19
```

20     Defendant FELICIA GRANT hereby moves the court to terminate her
21 term of supervised release pursuant to 18 U.S.C. § 3583(e)(1).
22 Supervised release began on November 26, 2009 and is due to terminate
23 in four months on November 26, 2012. The government and the supervising
24 U.S. Probation Officer do not oppose this motion.
25     Title 18, section 3583(e)(1) of the United States Code permits the
26 court to terminate a defendant's term of supervised release at any time
27 after the expiration of one year of supervision if the court is
28 "satisfied that such action is warranted by the conduct of the

defendant released and the interest of justice."  Ms. Grant has completed over 31 months of her 36-month term of supervised release.

Ms. Grant's current probation officer, Vladimir Pajcin of the United States Probation Office's Roseville Division, confirmed that Ms. Grant has completed all of the special conditions of her supervised release.  Ms. Grant has completed all the terms of supervision, including drug tests, DNA collection, and a prohibition on possessing firearms. She has suffered no violations at all since her term started three years ago. Her conduct on supervised release has been exemplary. Therefore, Mr. Pajcin does not oppose early termination of supervised release. Likewise, Assistant United States Attorney Jill Thomas does not object to Ms. Grant's request.

During her term of supervision, Ms. Grant has been making steady progress towards her associates degree at American River College in Sacramento, California. Although at times it was a challenge to balance academics and her duties as a parent (Ms. Grant has two young children), she has succeeded in both areas. Her oldest son is enrolled in Headstart and has been successful in his preschool.

Ms. Grant's primary reason for requesting an early termination of her supervised release is that she desires to increase her job opportunities by moving to Atlanta, Georgia. She has good friends and family in Atlanta, Georgia. She has researched her chances of employment in that area, and they seem viable.  Atlanta family members have encouraged her to join them there, where there are more job opportunities. One relative there works as the Human Resources manager of an Atlanta corporation, and has promised to help Ms. Grant find employment. Ms. Grant has started applying to jobs in the Atlanta area to ensure she has a job when she arrives. She applied to the Home Depot

Calling Center because she has prior calling center experience and the company hires people convicted of felonies.

Since she incurred this felony conviction, she has found it almost impossible to find employment in Sacramento. Before her conviction, when she had no criminal record and the economy was more prosperous, she had an impressive work record, including retail sales at The Gap and other establishments. Since release from her six-month prison sentence in 2009, Felicia Grant has applied for one job after another, only to be daunted by prospective employers who won't consider hiring a person with a drug felony. In a suffering economy, Ms. Grant's prospects for employment in this area seem bleak. Her situation has become more serious since recently, she and her husband separated; her inability to secure employment where before she was the family wage-earner created so much dissent and conflict in their relationship that it failed.

The Court may remember that Ms. Grant completely renunciated her crime and sought to remove herself from the people and circumstances which drew her into it. To this day she has not engaged in any contact at all with her co-defendant, and intends to keep it that way. She served six months in prison for her crime, but other than the current case has no other criminal history or risk factors for recidivism.  Ms. Grant's crime was completely situational and is unlikely ever to reoccur.

Given Ms. Grant's completion of all terms of her supervised release and her strong desire to improve the quality of life for her children, the defense moves the court to terminate the term of supervised release.  Supervised release has served its purpose in ensuring that Ms. Grant is not a risk to the community.  No further

government funds need to be expended on Ms. Grant. As both the supervising Probation Officer and the prosecuting attorney concur with early termination, the parties do not seek a hearing on this matter, but ask the court to order termination forthwith.

                                      Respectfully submitted,

                                      DANIEL J. BRODERICK
                                      Federal Defender

DATED: June 28, 2012                /s/Caro Marks

                                      _____
                                      CARO MARKS
                                      Designated Counsel for service
                                      Attorney for Defendant
                                      FELICIA GRANT

**O R D E R**

    IT IS HEREBY ORDERED that FELICIA GRANT'S term of supervised release be terminated as of the date of this Order.

Dated: June 28, 2012

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4